IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

TONY IVEY,

Defendant.

Criminal Case No.
6:16-CR-6063-FPG-MWP

_____

## STATEMENT OF THE GOVERNMENT WITH
## RESPECT TO SENTENCING FACTORS

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting, for the reasons set forth below, that the Court impose a sentence at the top of the defendant's Guidelines range of 15-21 months, followed by a 3-year term of supervised release and a special assessment of $100.

## I.    INTRODUCTION

On December 6, 2016, the defendant plead guilty to a single-count Indictment charging the defendant with Threatening to Kill a Federal Prosecutor, in violation of Title 18, United States Code, Section 115(a)(1)(B).   The United States submits this Statement in anticipation of sentencing, which is scheduled for March 7, 2017.

## II.    PRESENTENCE REPORT

### A.    Factual Findings

The government concurs with the description of the offense conduct set forth in the

1

Presentence Investigation Report (PSR) in paragraphs 15-19 and has no objections to those findings.

**B.**     **Calculation of the Sentencing Guidelines**

The government respectfully concurs with the Sentencing Guidelines calculations contained in the PSR, which finds that the sentencing range is 15-21 months imprisonment, supervised release of 1 to 3 years, a fine of $5,000 to $55,000 and a special assessment of $100. PSR ¶¶ 73, 77, 81 and 82.

**III.**     **GOVERNMENT'S SENTENCING RECOMMENDATION**

On June 14, 2016, the defendant threatened to kill a federal prosecutor when he was told by the prosecutor that he could not assist the defendant with his complaint against the Rochester Housing Authority.   PSR ¶¶ 15-17.   Later that same day while being apprehended by the USMS for making these threats the defendant threatened to shoot members of the USMS team that were arresting him. PSR ¶ 18.

Was the defendant behaving in a manner that was completely out of character on that June day?   The short answer is no.   In fact, the defendant has a long history of not only threatening violence against others but of committing violent acts against others.   The defendant's criminal history set forth in the PSR includes among other things the following convictions:

> In 1983 the defendant cut two men with a razor causing serious injury to their necks and pled guilty to Assault 3rd.   PSR ¶ 38.

> In 1984 the defendant shot a 26 year old male in the stomach and leg with a .22 caliber automatic handgun causing him to be admitted to the hospital and pled guilty to Assault 1st.   PSR ¶ 39.

> In 2002 the defendant stabbed a man in the back and pled guilty to Assault 2nd. PSR ¶ 59.

The defendant's criminal history is over 7 pages long and chronicles an individual who clearly has anger management issues and is prone to both violent outbursts and acts of violence. PSR ¶¶ 36-71.   As the PSR notes Ivey has over 20 criminal convictions and over 35 encounters with law enforcement resulting in arrests. PSR ¶ 104.

Thus, the Court is faced with the decision of what is an appropriate punishment for an individual with over 35 years of criminal history who threatened to kill an AUSA for merely doing his job.   A man who expressed a desire to shoot and kill not just the AUSA but also the members of the USMS who apprehended him.   A man who has not only threatened to harm others but in fact has a history of shooting and stabbing people. PSR ¶ 38, 39 and 59.

The government asserts that given the defendant's extensive criminal history and the nature of the threats he made in this case that a top of the guidelines sentence of 21 months, followed by 3 years of supervised release and a $100 special assessment is an appropriate sentence.

The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes set forth in 18 U.S.C. §3553(a)(2).   This sentence reflects the seriousness of the violation, provides adequate deterrence against future violations and protects the public from further crimes.   In the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve §3553(a)'s objectives.'   *Kimbrough v. United States*, 552 U.S. 85 (2007); *see, e.g., Gall v. United States*, 552 U.S. 38 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions").   Moreover, within-guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act - "to diminish unwarranted sentencing disparity."   *Rita v. United States*,

551 U.S. 338, 354 (2007).

In conclusion, the sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes set forth in 18 U.S.C. §3553(a)(2).[1]

Dated:          February 2, 2017
                Rochester, New York

                              Respectfully submitted,

                              RICHARD S. HARTUNIAN
                              United States Attorney for the
                              Northern District of New York

                    BY:    /s/ Geoffrey J.L. Brown
                           Geoffrey J.L. Brown
                           Assistant United States Attorney
                           James M. Hanley Federal Building
                           100 South Clinton Street
                           Syracuse, New York 13261
                           (315) 448-0672
                           Geoffrey.brown2@usdoj.gov

---

1   The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum.   Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond.   *See* Fed R. Crim. P. 32(i)(1)(c), 32 (h).

Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.